1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11      CHARLES R. JORDAN,                          Case No:  06-CV-0479 W (RBB)

12                                  Plaintiff,      **ORDER (1) GRANTING AIR**
13                                                  **FORCE DEFENDANTS'**
                                                    **MOTIONS TO DISMISS,**
14          v.                                      **AND (2) GRANTING, IN**
                                                    **PART, AND DENYING, IN**
15                                                  **PART, POSTAL SERVICE**
16                                                  **DEFENDANTS' MOTIONS**
        ELAINE CHOA, et al.,                        **TO DISMISS**
17
18                                  Defendants.
19
20
21          On March 3, 2006, Plaintiff Charles Jordan ("Plaintiff") commenced this action

22      against Defendants Elaine Choa, Secretary for the Department of Labor; the

23      Department of Labor; John E. Potter, Postmaster General; the United States Postal

24      Service ("USPS"); Pete Geren, Acting Secretary for the Department of the Air Force;

25      and the United States Air Force Reserves ("USAFR").  On April 17, 2006, Plaintiff filed

26      a First Amended Complaint ("FAC").  Plaintiff asserts claims for wrongful termination

27      under the Uniformed Services Employment and Reemployment Rights Act of 1994

28

("USERRA"), disability discrimination, retaliation, tortious termination and intentional infliction of emotional distress.[1]

On June 27, 2006, Defendants Secretary of the Air Force and U.S. Air Force Reserves (the "Air Force Defendants") filed a joint motion to dismiss. On the same day, Defendants John Potter and the USPS (the "Postal Service Defendants") jointly filed a separate motion to dismiss. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** the Air Force Defendants' motion, and **GRANTS**, in part, and **DENIES**, in part, the Postal Service Defendants' motion.

## I.   BACKGROUND

The USPS employed Plaintiff as a letter carrier from 1972 until 1995. (FAC at 8:17–19.) During his employment, Plaintiff alleges that he suffered a number of injuries, some of which rendered him "temporarily totally disabled" for various periods. (Id. at 4:9–17.) Contemporaneous with his USPS employment, Plaintiff was also a member of the USAFR. (Id. at 8:22–23.)

According to the complaint, in December 1994, Plaintiff was ordered to report to active military duty at March Air Force Base, where he was deployed to Guantanamo Bay, Cuba until February 23, 1995. (FAC at 10:25–27.) The day before he was deployed, Plaintiff's treating doctor "declared him fit for full duty with no restrictions." (Id. at 10:4–5, emphasis in original.) While on deployment, however, Plaintiff alleges that sustained upper extremity injuries when carrying out a "direct order to help move some liquid oxygen converters." (Id. at 7:9–14.)

Plaintiff alleges that when he returned to work at the USPS, he was arrested and

---

[1] The caption of Plaintiff's FAC lists fraud as a cause of action, but not intentional infliction of emotional distress. However, there are no allegations specific to the fraud claim in the body of the complaint, but there are allegations specific to the emotional distress claim. The Court, therefore, construes the reference to the fraud claim on the caption as a typographical error.

06CV0479W

prosecuted for allegedly claiming to be too injured to work. (FAC at 11:3–21.) Plaintiff denies that he claimed to be too injured to work. (Id. at 11:12–21.) Then in April 1995, Plaintiff was terminated for misrepresenting his physical abilities. (Id. at 11:23–27.)

On September 28, 2000, Plaintiff filed a complaint with the Merit Systems Protection Board ("MSPB") alleging that the USPS's decision to terminate his employment violated USERRA because the USPS allegedly discriminated against him because of his military service. Jordan v. U. S. Postal Serv., 82 Fed.Appx. 42, 43 (Fed. Cir. 2003). In an initial decision, the administrative judge rendered judgment on the written record against Plaintiff. Id. On January 9, 2002, the MSPB vacated the initial decision and remanded the matter for further adjudication because it found that Jordan had specifically requested a hearing. Id. After a hearing on remand, the administrative judge held that Plaintiff had not satisfied his burden pursuant to USERRA "of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action." Id.

On June 18, 2003, the MSPB denied review. Jordan, 82 Fed.Appx. at 43. Plaintiff timely sought review in the Federal Circuit Court of Appeals. Id. On December 4, 2003, the Federal Circuit affirmed, ruling that Plaintiff had not satisfied his burden under USERRA of establishing that his military service was a substantial motivating factor in his removal and found that the MSPB's decision was supported by substantial evidence. Id. at 43.

On March 3, 2006, Plaintiff commenced this action.[2] On April 17, 2006, Plaintiff filed the FAC. Defendants' motions to dismiss followed.

_____

[2] Before filing this action, Plaintiff filed a separate lawsuit against the Postal Service Defendants asserting a USERRA violation, disability discrimination, retaliation, five related tort claims and one contract claim (the "Related Action"). On September 12, 2006, this Court dismissed all but the disability discrimination and retaliation claims with prejudice as to the USPS and Postmaster.

06CV0479W

## II.   LEGAL STANDARD

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter[.]" Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears the court lacks jurisdiction.  Fed. R. Civ. P. 12(b)(1); <u>Csibi v. Fustos</u>, 670 F.2d 134, 136 n. 3 (9th Cir. 1982).

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  <u>See North Star Int'l. v. Arizona Corp. Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002).  The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor.  <u>Walleri v. Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

## III.   DISCUSSION - THE AIR FORCE DEFENDANTS' MOTION

### A.   The USERRA Claim Fails to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's complaint asserts a USERRA cause of action.  USERRA prohibits an "employer" from discriminating against employees on the basis of an employee's membership or prior service in the uniformed services. 38 U.S.C. § 4311(a).  The term "employer" means "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities . . ." and includes the "Federal Government." 38 U.S.C. § 4303(4)(A)(ii).  The term "Federal Government" is defined to include "any Federal executive agency," which

06CV0479W

includes any military department . . . with respect to the civilian employees of that department." 38 U.S.C. § 4303(5),(6). Therefore, military departments are not "employers" for the purpose of a non-civilian employee's USERRA claim.

The Air Force Defendants argue that Plaintiff's USERRA claim should be dismissed because non-civilian military employees cannot bring USERRA claims against the military. (Def.'s P.& A. at 5.) Plaintiff responds by stating that "Defendant, in its motion, makes the mistake of identifying the military as the actor in the unlawful discrimination attacked under USERRA. The fact is that the actor in plaintiff's complaint was the post office." (Pl.'s Opp. at 2–3.)

It is unclear whether Plaintiff's argument is meant to clarify that the Air Force Defendants are not parties to the USERRA cause of action or that Plaintiff is asserting that the Air Force Defendants are liable under some alternative agency theory. The Court notes, however, that the FAC alleges that the USAFR was engaged in an alleged conspiracy with the Postal Service Defendants to "discharge [Plaintiff] from . . . the USPS." (FAC at 7:18-21.) Given this allegation and the fact that the Opposition does not clearly state that the Air Force Defendants are not parties to the USERRA claim, the Court will assume that the Air Force Defendants are parties to that claim.

The FAC alleges that Plaintiff was a Master Sergeant in the Air Force Reserves (FAC at 1:24–25), and thus he was not a civilian employee of the military. With respect to his civilian job as a letter carrier, the FAC alleges that the USPS was Plaintiff's employer, not the USAFR. (Id. at 2:16–18.) Because the statute defines the military as an employer only "with respect to the civilian employees of that department" (38 U.S.C. § 4303(5),(6)), Plaintiff cannot assert a USERRA claim against the Air Force Defendants. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and the Air Force Defendants' motion to dismiss Plaintiff's USERRA claim is **GRANTED**.

1
2

    **2.**    <u>The Title VII and Rehabilitation Act Claims Fail To State a Claim Upon Which Relief Can Be Granted.</u>

3

        *(a)*    *Title VII does not apply to military personnel.*

4
5
6

    The Air Force Defendants argue that Plaintiff's Title VII retaliation claim should be dismissed because "military members are barred from raising claims under Title VII." (Def.'s P. & A. at 4.)  Plaintiff does not address this argument in his Opposition.

7
8
9
10
11
12
13
14
15

    The Court agrees with the Air Force Defendants.  Title VII prohibits discrimination by the Federal Government and more specifically, by the United States Air Force.  42 U.S.C. § 2000e-16; 5 U.S.C § 102.  The statute, however, does not protect uniformed members of the armed forces; only civilian employees may bring Title VII claims against military departments.  <u>Gonzalez v. Dept. of Army</u>, 718 F.2d 926, 928 (9th Cir. 1983).  Because there is no question that Plaintiff was a uniformed member of the Air Force, he cannot bring a Title VII retaliation claim against the Air Force Defendants.  Accordingly, the Air Force Defendants' motion to dismiss Plaintiff's retaliation claim is **GRANTED**.

16

        *(b)*    *The Rehabilitation Act does not apply to military personnel.*

17
18
19
20
21

    Plaintiff's disability discrimination claim is also barred because uniformed military personnel cannot bring claims under the Rehabilitation Act.[3]  <u>See</u> <u>Lopez v. Johnson</u>, 333 F.3d 959, 962 (9th Cir. 2003) (providing that section 501 of the Rehabilitation Act does not apply to uniformed military personnel).  Therefore, the Air Force Defendants' motion to dismiss the disability discrimination claim is **GRANTED**.

22

    **3.**    <u>The *Feres* Doctrine Bars Plaintiff's Tort Claims.</u>

23
24

    The Air Force Defendants argue that the <u>Feres</u> doctrine bars Plaintiff's tort claims.  (Def.'s P. & A. at 4.)  Under the <u>Feres</u> doctrine, members of the armed services

25

---

26
27
28

    [3] The Court presumes Plaintiff asserts his disability discrimination claim under the Rehabilitation Act because the only statute under which disability discrimination claims may be asserted is the Americans With Disabilities Act, which only applies to the federal government *through* section 501 of the Rehabilitation Act.

cannot sue the Government for injuries that "arise out of or are in the course of activity incident to service." <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950).  It applies "whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States." <u>Hodge v. Dalton</u>, 107 F.3d 705, 710 (9th Cir. 1997)).  "The test has been broadly construed to immunize the United States and members of the military from any suit which may intrude in military affairs, second-guess military decisions, or impair military discipline." <u>Id.</u>  The <u>Feres</u> doctrine bars intentional tort claims as well as simple negligence claims. <u>Bowen v. Oistead</u>, 125 F.3d 800, 804 (9th Cir. 1997).  Additionally, the Ninth Circuit has stated that termination decisions are "inherently military." <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir. 1997).

Plaintiff responds to the Air Force Defendants' argument by asserting that he "was the primary force behind the decision to elect voluntary retirement. Therefore, the military authorities were not substantially involved in that decision, and no action by them is subject to the 'dangerous' precedent of allowing second-guessing as to their decision." (Pl.'s Opp. at 3.)  The Court disagrees because the FAC's allegations establish that the injuries attributable to the Air Force Defendants arose from conduct that was incident to Plaintiff's military service.

Based on the Court's review of the FAC, there appear to be three factual allegations regarding the Air Force Defendants' conduct.  First, Plaintiff alleges that while on active "duty in Cuba," he sustained upper extremity injuries while following a "direct order to help move some liquid oxygen converters." (FAC at 7:9-13.)  Next, Plaintiff alleges that the USAFR allowed the Postal Service Defendants to videotape him while following his direct order to move the liquid oxygen converters. (<u>Id.</u> at 10:11-18.)  Plaintiff's third "factual" allegation is that the Air Force Defendants illegally and unlawfully discharged Plaintiff from his position as a master sergeant.  (<u>Id.</u> at 7:5–9.)

Based on these factual allegations, it is clear that the claims against the Air Force Defendants arise out of or are in the course of activity incident to Plaintiff's military

06CV0479W

service.  Indeed, Plaintiff appears to admit as much when he states that he is attempting to have the Air Force "take responsibility for injuries and ailments that [he] sustained *while in the service of [his] country.*"  (FAC at 7:3–5.)  Accordingly, the <u>Feres</u> doctrine bars Plaintiff's tort claims and the Air Force Defendants' motion to dismiss the causes of action for false imprisonment, tortious termination and intentional infliction of emotional distress is **GRANTED**.

IV.    DISCUSSION – THE POSTAL SERVICE DEFENDANTS' MOTION

      A.    <u>Plaintiff's USERRA Claim Is Dismissed For Lack of Subject Matter Jurisdiction.</u>

      As mentioned above, before filing this lawsuit, Plaintiff filed the  Related Action against the Postal Service Defendants, which included a claim for violation of USERRA.  In that action, the Court held that judicial review of USERRA claims by federal employees is limited to the Federal Circuit, and thus dismissed the USERRA claim.  As explained therein, USERRA provides that an employee wishing to bring a discrimination claim may submit the claim directly to the Merit Systems Protection Board.  38 U.S.C. § 4324(b).  If the MSPB's decision is adverse to the employee, he may appeal to the Federal Circuit Court of Appeals.  38 U.S.C. § 4323(d)(1).  However, as this Court previously stated:

> Importantly, USERRA limits review of final MSPB decisions regarding federal employee claims to the Federal Circuit: "[s]ection 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather it confers jurisdiction upon the Merit Systems Protection Board[.]"  <u>Dew v. United States Dept. of Defense</u>, 192 F.3d 366, 372 (2nd Cir. 1999), <u>cert.</u> <u>denied</u> 529 U.S. 1053 (2000).  "Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit."  <u>Id.</u>  Federal Circuit jurisdiction over MSPB appeals is exclusive: because section 4324 does not provide for another means of review, plaintiffs proceeding under it may not bring a federal district court action.  <u>Dew</u>, 192 F.3d at 372-73 (holding that the district court lacked subject matter jurisdiction where an analogous section of USERRA did not provide for review other than by the Inspector General.)

06CV0479W

1 (Order Granting Def.'s Motion to Dismiss, Case No. 05-CV-2203, at 4:22–5:5.)

2      Accordingly, appellate review of the MSPB decision denying Plaintiff's USERRA
3 claim was limited to the Federal Circuit.  Thus, this Court lacks jurisdiction over
4 Plaintiff's USERRA claim.  Accordingly, the Postal Service Defendants' motion to
5 dismiss the USERRA claim is **GRANTED**.

6     **2.**   **Plaintiff's Tort Claims Are Dismissed For Lack of Subject Matter**
7         **Jurisdiction**

8      The Court also lacks jurisdiction over Plaintiff's tort claims because the named
9 defendants, the USPS and Postmaster, are improper parties under the Federal Tort
10 Claims Act ("FTCA").  "[T]he United States is the only proper party defendant in an
11 FTCA action[.]"  <u>Kennedy v. United States Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir.
12 1998) (*per curiam*).  Additionally, "[t]he FTCA is the exclusive remedy for tort actions
13 against a federal agency[.]"  <u>Id.</u>; 28 U.S.C. § 2679(a).  A "claim against the United
14 States Postal Service in its own name is not a claim against the United States."  <u>Id.</u>

15      Here, Plaintiff has named the USPS and the Postmaster but has not named the
16 United States.  Since the only remedy for tort actions against a federal agency is the
17 FTCA, and the only appropriate party for an FTCA claim is the United States, Plaintiff
18 should have named the United States rather than the USPS and Postmaster.  Plaintiff's
19 failure to name the proper party deprives this Court of jurisdiction to hear his tort
20 claims.[4] Accordingly, the Postal Service Defendants' motion to dismiss is **GRANTED**
21 on Plaintiff's false imprisonment, tortious termination, and intentional infliction of
22 emotional distress claims.

23     **3.**   **Plaintiff's Retaliation and Disability Discrimination Claims Are Not**
24         **Duplicative.**

25      The Postal Service Defendants seek to dismiss Plaintiff's retaliation and disability
26 discrimination claims on the ground that they are duplicative of the claims asserted in

27

28       [4] Postmaster Potter was named in his official capacity.

the Related Case.  As discussed above, however, on September 12, 2006, this Court granted the Postal Service Defendants' motion to dismiss in that case.  Thereafter, Plaintiff filed a Third Amended Complaint against the United States.  Because the Postal Service Defendants are not parties in the Related Case, the retaliation and disability discrimination claims in this case are not duplicative of the claims in the Related Case.  For this reason, the Postal Service Defendants' motion to dismiss the disability discrimination claim and the retaliation claim is **DENIED**.

## IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** the Air Force Defendants' motion to dismiss.  Plaintiff's causes of action for disability discrimination, false imprisonment, USERRA, retaliation, tortious termination, and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE** as to the Air Force Defendants.

The Court also **GRANTS**, in part, the Postal Service Defendants' motion to dismiss.  The causes of action for false imprisonment, USERRA, tortious termination, and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE** as to the Postal Service Defendants.  Their motion to dismiss the retaliation and disability discrimination claims is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 8, 2006

_____
Hon. Thomas J. Whelan
United States District Judge

06CV0479W

- 10 -